NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARL DAVIS DIXSON, *Appellant.*

No. 1 CA-CR 21-0203
FILED 4-7-2022

Appeal from the Superior Court in Maricopa County
No.  CR2018-001973-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1            This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Carl Davis Dixson filed a brief advising the court that, after searching the entire record, he is unable to discover any arguable question of law and requesting that this court review the record. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error). Dixson was given the opportunity to file a supplemental brief *pro per* but did not do so. For the reasons that follow, we affirm Dixson's convictions and resulting sentences.

**FACTS AND PROCEDURAL HISTORY**[1]

¶2            In May 2018, the State indicted Dixson on nine counts for acts that occurred between 2014 and 2017: Counts One and Two, sexual conduct with a minor, each a class 2 felony and a dangerous crime against children; Count Three, indecent exposure, a class 6 felony; Counts Four through Six, aggravated assault on a minor, each a class 6 felony; Count Seven, sexual conduct with a minor, a class 2 felony and a dangerous crime against children; and Counts Eight and Nine, molestation of a child, each a class 2 felony and a dangerous crime against children. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-1405, -1402, -1203, -1204, -1410.

¶3            Before trial, the court granted the State's motion to admit evidence of Dixson's prior acts of sexual misconduct, over defense counsel's objection. The court permitted the State to introduce Dixson's signed confessions in three prior child sexual abuse cases, as evidence of Dixson's propensity to commit sexual abuse and to rebut Dixson's defense that any

---

[1]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Dixson. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

alleged touching happened accidentally when he disciplined the victim. *See* Ariz. R. Evid. 404(b), (c).

¶4          The evidence presented at the six-day trial was as follows: When the victim was about four years old, his family met Dixson at church. Dixson was married and had three children who were roughly the victim's age, and the two families spent Sundays together. Because the victim's mother lived alone, Dixson sometimes helped supervise her children. The victim and his siblings referred to Dixson as their "godfather."

¶5          Over about four years, Dixson forced the victim to engage in sexual conduct. The victim testified to three instances of sexual abuse, beginning when he was around seven years old, and he discussed a fourth instance in the segment of his forensic interview played during trial. Some acts occurred under the guise of discipline. Dixson did not testify, but the State played portions of Dixson's interview with police to the jury. In the interview, Dixson admitted forcing the victim to remove his clothes, striking him, and accidentally touching the victim's genitals, but he denied sexually abusing the victim. A police officer also read to the jury Dixson's signed confessions in three prior cases of sexual abuse. In those cases, Dixson admitted sexually abusing three young male children over whom he was an authority figure, and to disguising the abuse as discipline.

¶6          The jury found Dixson guilty as charged on all counts, except Count Two, on which the jury found Dixson guilty of the lesser-included offense of child molestation. The court sentenced Dixson to consecutive prison terms on each count: life with the possibility of release after 35 years on Count One; the presumptive 17 calendar years on Count Two; the presumptive one-year terms on Counts Three, Four, Five, and Six; life with the possibility of release after 35 years on Count Seven; and the presumptive 17 calendar years on Counts Eight and Nine. *See* A.R.S. §§ 13-705(B), (D), -702(D). The court credited Dixson for 1,248 days of presentence incarceration on Count One.

¶7          We have jurisdiction over Dixson's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶8          After reviewing counsel's brief, the court has searched the entire record for reversible error. *See Clark*, 196 Ariz. at 537, ¶ 30. The record reveals no reversible error. Dixson was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. All

proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The convictions are supported by substantial evidence. The court permitted Dixson to speak at sentencing and imposed sentences within the statutory limits.

**¶9**        Upon the filing of this decision, defense counsel is directed to inform Dixson of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Dixson will have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶10**        For the reasons stated above, we affirm Dixson's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA